**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>DAFNE ESTHER AGOSTO VEGA<br>Debtor | CASE NO. 24-01561 EAG<br>Chapter 13<br><br>***FILED AND ENTERED***<br>***10/28/2025*** |

**OPINION AND ORDER**

Chapter 13 trustee, Jose R. Carrión, objects to the homestead exemption claimed by debtor, Dafne Agosto, under the Puerto Rico Homestead Act, P.R. Laws Ann. tit. 31, §§ 1858-1858k. The trustee alleges that the property has multiple owners. Therefore, the trustee says, to claim the homestead exemption, all owners of the property need to subscribe a sworn declaration, along with Ms. Agosto, expressing their consent to her homestead claim.

For the reasons stated below, the court denies the trustee's objection to the homestead exemption.

**I. Jurisdiction**

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.).[1] This is a core proceeding in accordance with 28 U.S.C. § 157(b).

---

[1] Unless otherwise indicated, all references to "Bankruptcy Code" or to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101-1532. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

1

## II. <u>The Trustee's Objection to Debtor's Homestead Exemption</u>

Ms. Agosto claimed the homestead exemption under Article 12 of the Homestead Act by submitting a sworn statement declaring that a property at Urb. Las Lomas, San Juan, P.R. is her homestead. However, the property is co-owned by Ms. Agosto and the other heirs of her deceased parents. Based on the Puerto Rico Supreme Court's decision in <u>Rivera Garcia v. Registradora</u>, 189 D.P.R. 628 (2013), the trustee alleges that all heirs must consent in the sworn statement to Ms. Agosto's homestead claim. The trustee states that even if in <u>Rivera Garcia v. Registradora</u>, the matter concerned a notarial act, the requirement of the co-owners' consent should be applied analogously to sworn statements claiming homestead exemptions. The trustee argues that in <u>Rivera Garcia v. Registradora</u>, dealing with Article 9 of the Homestead Act (P.R. Laws Ann. tit. 31, § 1858f), the Supreme Court interpreted the phrase "owner or owners" to require each and every "owner or owners" of the property to execute a notarial act before a notary public. The trustee states that Article 12 of the Homestead Act (P.R. Laws Ann. tit. 31, § 1858i) has the identical "owner or owners" language for claiming the homestead exemption through a sworn statement. Therefore, the consent of each and every "owner or owners" is also required for sworn statements under Article 12 according to the trustee.

## III. <u>Discussion and Legal Analysis</u>

### a. <u>The Homestead Exemption</u>

Upon the filing of her bankruptcy petition, all of Ms. Agosto's assets became property of the bankruptcy estate pursuant to § 541. However, Ms. Agosto may exempt certain property under § 522. Under section 522(b), Ms. Agosto may choose to exempt property listed in § 552(d) or pursuant to the state law. 11 U.S.C. § 522(b)(1). Here, Ms. Agosto elected to exempt property under Puerto Rico law. "[W]hen a debtor claims a *state-created* exemption, the exemption's scope is determined by state law." <u>Law v. Siegel,</u> 571 U.S. 415, 425 (134 S. Ct. 1188, 188 L. Ed. 2d 146 (2014) (italics in original). And "*federal law* provides no authority for bankruptcy courts to deny an exemption on a ground not specified in the Code." <u>Id</u>. (italics in original). The party objecting to a claimed exemption has the burden of proving that an exemption was not properly claimed. <u>See</u> Bankruptcy Rule 4003(c).

2

"It is well established that the P.R. Homestead Act is intended 'to provide the broadest protection to the homes or principal residences of the residents of Puerto Rico and their families in bankruptcy proceedings.'" Albarran v. Rivera (In re Rivera), 627 B.R. 765, 772-73 (B.A.P. 1st Cir. 2021) (quoting Mendez v. Rushmore Loan, 2018 U.S. Dist. LEXIS 168523 (D. P.R. Sept. 27, 2018)). And "exemptions are construed in the most liberal light to effectuate the humanitarian purpose of the lawmaker. Questions of applicability of a Puerto Rico exemption must be resolved in favor of the exemption." Banco Popular De P.R. v. Santiago-Salicrup, 630 B.R. 374, 379 (D. P.R. 2021).

"A bankruptcy debtor who wishes to properly claim the Puerto Rico Home Protection Act exemption must comply with the requirements of said law as of the date of the filing of the bankruptcy petition." Id. (quoting Mendez v. Rushmore, 2018 U.S. Dist. LEXIS 168523 at *14). The Homestead Act protects property against attachment, judgment, or foreclosure for the payment of certain debts. P.R. Laws Ann. tit. 31, § 1858b. The types of debt outside the protection of the Act–not relevant here—are described in P.R. Laws Ann. tit. 31, § 1858a. "Article 3 of the Puerto Rico Home Protection Act establishes the two essential requirements for an individual's entitlement to the Puerto Rico homestead right: (1) ownership of the property over which the homestead right is being claimed; and (2) that it be occupied as the principal residence by the individual claimant or his/her family." Mendez v. Rushmore, 2018 U.S. Dist. LEXIS 168523 at *14-15.

There are two main routes by which Ms. Agosto may protect the primary residence under the Homestead Act: either through Article 9 or Article 12 of the Act. Under Article 9, the homeowner must execute a notarial act or public deed, before a notary public, designating the property as one's homestead and recording the act or deed in the Property Registry. P.R. Laws Ann. tit. 31, § 1858f. Under Article 12, which covers cases where the homestead protection has not been claimed through the Property Registry, a homeowner claims it by filing a sworn motion in the court action brought by a creditor to collect an obligation through the judicial sale of the homeowner's residence. P.R. Laws Ann. tit. 31, § 1858i.

### b. __The Puerto Rico Supreme Court's Decision in Rivera Garcia v. Registradora__

In Rivera Garcia v. Registradora, the Puerto Rico Supreme Court dealt with a claim of homestead protection under Article 9 of the Homestead Act by a widow. Only the widow executed the notarial act. The heirs of the widow's deceased husband, who were registered co-owners of the

3

residence, did not. The court ruled that, to gain access to the Property Registry, the notarial act claiming the homestead exemption required the consent of all the registered owners. The court found that the homestead right is a personal right. But once the homestead right obtains access to the Property Registry, it produces real property rights and erga omnes effects. "The homestead right removes the protected property from the commercial traffic and from the reach of creditors, except for those stated in Article 4." Rivera Garcia v. Registradora,189 D.P.R at 639. As pointed out by the trustee, the Supreme Court relied on the use of the word "owners" in Article 9. The Supreme Court stated that the text of the Act required that, when a property had more than one registered owner, they all had to appear in the notarial act. Finally, the Supreme Court found that, when there is no evidence of the consensus of the co-owners to recognize the homestead right of one co-owner, the individual could request the state court to recognize his or her right under Article 3 of the Act and obtain a court order to register it in the Property Registry.

In response to the Rivera Garcia decision, the Puerto Rico legislature approved Law No. 64 of January 30, 2018, to amend Article 9 of the Act. The legislature created a limited exception to the requirement of the appearance of all registered owners in the notarial act. With the amendment, when a widow already appears as a registered owner in the Property Registry, the notarial act does not require the appearance of the heirs of the widow's deceased husband. P.R. Laws Ann. tit. 31, § 1858f.

c. **Article 12 of the Homestead Act**

Article 12 of the Homestead Act reads, in pertinent part, as follows:

**Article 12 - Claiming the homestead right in a sale resulting from judgment or foreclosure**

Homestead right shall be claimed through a motion filed with the court within thirty (30) days as of the date in which foreclosure against the properties belonging to the defendant has been petitioned in order to comply with a ruling of a competent court; or from the time in which a pre-judgment attachment or garnishment or any other pre-judgment remedy is requested against the property of the defendant to guarantee compliance with said ruling.

Such motion shall be sworn by the **owner or owners**, including a description of the property being protected as entered in the Registry and a statement to the fact that the **owner or owners** thereof used such property as a principal residence before the service of process of foreclosure was perfected and that they have not declared any other property as their homestead.

4

. . . .

> No rural or urban parcel shall be sold by virtue of judgment or foreclosure if it has been claimed to be or held as homestead, whether or not it has been registered as such in the Property Registry, unless any of the exemptions provided in § 1858a of this title applies.

P.R. Laws Ann. tit. 31, §1858i. (emphasis added).

Article 12 was not written to address a homestead claim in bankruptcy proceedings. Article 12 addresses state court collection actions. Under existing jurisprudence, in the bankruptcy context, to claim the state homestead exemption under Article 12 debtors are required to file a sworn statement, instead of a sworn motion, claiming the property as their homestead. See In re Hernandez, 487 B.R. 353 (Bankr. D. P.R. 2013); In re Concepción, No. 13-01827 MCF7, Dkt. No. 20 (Bankr. D. P.R., Aug. 29, 2013) (A debtor need only file Schedule C under penalty of perjury to claim the homestead exemption under the Homestead Act).

The chapter 13 trustee interprets the words "owner or owners" in Article 12 to mean each and every – as opposed to any -- owner of the property, relying on the Puerto Rico Supreme Court's interpretation of Article 9 in Rivera Garcia v. Registrador. But there are significant differences between Article 9 and Article 12 that merit a different interpretation. A law may contain the same word in different articles but require a different interpretation within its context. See Caballer Rivera v. Nidea Corporation D/B/A "Adriel Toyota"; et al., 200 D.P.R. 120, 128 (2018).[2] The interpretation of the law should not be at odds with its spirit and the public policy it promotes, and judicial interpretation should not lead to an absurd reading. See Pueblo v. Figueroa Santana, 154 D.P.R. 717, 727-728 (2001).

Article 9 and Article 12 consider two different situations. Article 9 governs access to the Property Registry of a notarial act claiming the homestead exemption. As explained by the Supreme Court of Puerto Rico, the Homestead Act created a personal right but, upon its registration in the Property Registry, the protected property is removed from the "commercial traffic," and the homestead right obtains "erga omnes effects." Rivera Garcia v. Registrador, 189 D.P.R at 639. A registered homestead right acquires real property effects and thus its registration becomes more than an administrative act on the real property. Id., at 641-642.

---

[2] In Caballer Rivera, 200 D.P.R. 120, 128 (2018), the Puerto Rico Supreme Court found that the word "employer" should be interpreted in a limited way in some articles of various labor laws but expansively in others. For example, in the context of a retaliation claim an "employer" is defined in a limited way to mean only the real employer vis-a-vis a sexual harassment claim where "employer" requires an expansive definition that includes its agents and supervisors.

5

Therefore, registration of the homestead right requires the consent of all registered owners. Also, the registrar would be unable to register the homestead right in the Property Registry if the chain of title is not followed because, generally, the registry is open exclusively for transactions authorized by registered owners. See DLJ Mortg. Capital, Inc. v. García Ramos, 207 D.P.R. 28 (2021). This is not a unique situation as the Puerto Rico legislature has given real property effects to other personal rights by allowing their access to the Property Registry. For example, the lease agreement may be registered in the Property Registry. P.R. Laws Ann. tit. 30, § 6012. An option contract may also be registered in the Property Registry and obtain real property effects. P.R. Laws Ann. tit. 30, § 6013. Other rights become real property rights only upon registration, such as a mortgage. See First Bank PR v. Registradora, 208 D.P.R. 64 (2021).

But that is not the case in state court when the homestead right is claimed under Article 12. Article 12 focuses on a defendant that complies with the two main requirements of Article 3 of the Homestead Act, that is: (1) owns the property and (2) occupies it as the principal residence. [3] The homestead right under Article 12 allows a defendant to prevent the foreclosure, garnishment, or other pre-judgment remedy against the principal residence in a state court collection action brought by a creditor. The right claimed in the state court action is the personal right created in the Homestead Act and does not have real property effects as it would if registered in the Property Registry. There is also no chain-of-title requirement to follow in the state court proceeding.

Also, under Article 12, the sworn motion must attest to the fact that the property is the principal residence of each and every owner or owners signing the sworn motion. P.R. Laws Ann. tit. 31, §1858i. If the court were to adopt the trustee's interpretation of Article 12, Ms. Agosto could not exempt her primary residence even with the written consent of all the owners of the property because it is not the principal residence of all of them. But Article 9 does not require that the property be the primary residence of all its owners to be able to register the homestead right in the Property Registry. The trustee's interpretation would also mean that a widow, who could claim under Article 9 her homestead right without the consent of the other owners in the Property

---

[3] Article 3 of the Homestead Act reads:

> Every individual or head of family residing in Puerto Rico shall be entitled to own and enjoy, under the homestead right concept, a parcel and the structure located thereon, or a residence under the regime established in the Condominiums Act, which belongs to him/her or which he/she lawfully owns, and occupied by him/her or his/her family exclusively as a principal residence.

P.R. Laws Ann. tit. 31, §1858.

Registry, would be unable to claim it under Article 12. This interpretation creates a result not intended by the Homestead Act and rejected in the <u>Statement of Motives</u> of Law No. 64 of January 30, 2018, amending Articles 9 and 10.[4]

Additionally, in <u>Rivera Garcia v. Registradora</u>, the Supreme Court acknowledged that, absent evidence of the consensus of other registered owners, an individual can request a state court to recognize his or her homestead right under Article 3 and order its registration in the Property Registry. It would then be contradictory to conclude that the state court may recognize a homestead right under Article 3, absent evidence of the consensus of other registered owners, and order its registration in the Property Registry; but would be required to deny it under Article 12 because, regardless of consensus, it is not the principal residence of all the owners.

The overarching principle governing the application of the Homestead Act is found in its Article 3. And the overarching principle governing its interpretation is that it must be construed liberally and in favor of the exemption. <u>Banco Popular De P.R. v. Santiago -Salicrup</u>, <u>supra</u>. The trustee is not alleging that the debtor's sworn statement fails to comply with either of the two main requirements of the Homestead Act found in its Article 3. Therefore, the objection to the debtor's homestead exemption is denied.

## IV. <u>Conclusion</u>

For the reasons stated above, the court denies the objection to the homestead exemption filed by Chapter 13 Trustee, José R. Carrión. (Dkt. No.18).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 28th day of October, 2025.

Edward A. Godoy
United States Bankruptcy Judge

---

[4] The Puerto Rico legislature stated that an unwanted result of <u>Rivera Garcia v. Registrador</u>, could be that a widow would lose the homestead right if the coinheritors did not wish or could not use the inherited property as their principal residence. Or that the coinheritors would lose their homestead right on their respective principal residences to allow the widow to claim his or her homestead over the inherited property. <u>Statement of Motives</u>, Law No. 64 of January 30, 2018.